United States District Court
Southern District of Texas
**ENTERED**
May 03, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Intelli Shop Inc., | § |
| *Plaintiff,* | § |
| v. | § Case No. 4:24-cv-00074 |
| FedEx Corp., Federal Express Corp., FedEx Ground Package System, Inc., and FedEx Freight, Inc., | § |
| *Defendants.* | § |

## MEMORANDUM AND RECOMMENDATION

This suit concerns damage to packages received by Plaintiff Intelli Shop, Inc. Two motions to dismiss are pending.

First, Defendants FedEx Ground Package System, Inc. ("FedEx Ground") and FedEx Freight, Inc. filed a motion to dismiss Plaintiff Intelli Shop, Inc.'s claims for breach of contract, negligence/breach of bailment, gross negligence, violations of the Texas Deceptive Trade Practices Act, and "Vicarious Liability and Estoppel." Dkt. 6; *see* Dkt. 1-1 at 7-10 (Intelli Shop's original complaint). The motion argues, in key part, that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, preempts all those claims to the extent they involve the interstate shipment of goods. *See* Dkt. 6 at 3-4.

Intelli Shop subsequently filed a first amended complaint that alleges only two claims, and only against FedEx Ground: (1) a claim under the Carmack Amendment; and (2) a negligence/bailment claim. Dkt. 14 at 3-4. FedEx Ground then filed another motion to dismiss that renews its preemption arguments, but targets solely the negligence/bailment claim. Dkt. 18.

At the May 3, 2024 conference, counsel agreed that the original motion to dismiss is moot with respect to all claims against FedEx Freight, Inc.—which is no longer a defendant—and all challenged claims except for negligence/bailment. After carefully considering the motions, Intelli Shop's response, Dkt. 12, the reply, Dkt. 13, counsel's oral presentations, and the applicable law, it is recommended that FedEx Ground's original and amended motion to dismiss be granted with respect to Intelli Shop's common-law negligence/bailment claim.

## Background

The following facts are taken from Intelli Shop's live pleading. The Court presumes they are true at this stage.

In 2021, FedEx Ground delivered more than 1,200 packages to Intelli Shop's address. Dkt. 14 at 2-3. Many arrived in damaged condition. *See id.* According to camera footage, a FedEx employee dropped or threw packages off the delivery truck into Intelli Shop's driveway. *See id.* Intelli Shop asserts that it suffered in $130,000 in actual damages to the delivered goods. *Id.* at 3.

Intelli Shop sued FedEx Ground in state court, along with FedEx Freight, Inc. and a number of other Federal Express entities. *See* Dkt. 1-1. Defendants removed the case to this Court, invoking both federal question and diversity jurisdiction. *See* Dkt. 1 at 2-4. The state court petition asserted claims for breach of contract, negligence/bailment, gross negligence, violations of the Texas Deceptive Trade Practices Act, and "Vicarious Liability and Estoppel." Dkt. 1-1 at 7-10. FedEx Ground and FedEx Freight, Inc. filed a Rule 12(b)(6) motion to dismiss all claims against them, to which Intelli Shop responded, Dkt. 12, and those defendants replied, Dkt. 13.

While that motion was pending, Intelli Shop filed a first amended complaint that narrowed its claims. Dkt. 14. The pleading dropped Intelli Shop's claims against all defendants other than FedEx Ground. It also eliminated its prior claims except for negligence/bailment and added a claim under the Carmack Amendment. *See id.* FedEx Ground then filed a motion renewing and reprising its arguments for dismissing the negligence/bailment claim. *See* Dkt. 18.

On May 3, 2024, the undersigned convened a scheduling conference at which the pending motions were addressed. This opinion memorializes rulings pronounced at that conference.

## Standard of Review

Dismissal under Rule 12(b)(6) is warranted if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When resolving a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotation marks omitted).

## Analysis

Intelli Shop's original and amended pleadings reflect that its negligence/bailment claim allege that FedEx Ground mishandled and damaged certain packages during shipment. *See* Dkt. 1-1 at 8-9; Dkt. 14 at 1-4. The amended complaint also explicitly alleges that the packages were shipped in interstate commerce by FedEx Ground while acting as a motor carrier. Dkt. 14 at 1 ("This action involves the negligent mishandling and damage of *interstate packages* by Defendants, who are federally registered motor carriers.") (emphasis added).

4

As FedEx Ground correctly maintains, the Carmack Amendment preempts Intelli Shop's negligence/bailment claim. The Fifth Circuit has made clear that the Carmack Amendment "provide[s] the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Heniff Transp. Sys., L.L.C. v. Trimac Transp. Servs., Inc.*, 847 F.3d 187, 190 (5th Cir. 2017) (quoting *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003)). It therefore preempts all state law claims for damage to goods by a motor carrier. *See id.* at 191-93 (extending this rationale to foreclose state claims asserted against entity that cleaned plaintiff's tanker-trailer that was used to transport goods interstate).

The Carmack Amendment also displaces other remedies under federal common law. *See Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 382-83 (5th Cir. 1998). Agreeing with decisions from other circuits, the Fifth Circuit explained that "the Carmack Amendment preempts *any common law remedy* that increases the carrier's liability beyond 'the actual loss or injury to the property,' 49 U.S.C. § 11707(a)(1), unless the shipper alleges injuries separate and apart from those resulting directly from the loss of shipped property." *Morris*, 144 F.3d at 382 (emphasis added). That conclusion foreclosed a plaintiff's federal common law claims seeking lost wages, emotional suffering, and punitive damages stemming from the destruction of goods transported by the defendant, as "exceed[ing] those permitted under

5

section 11707." *See id.* at 382-83; *see also Hoskins* 343 F.3d at 777 (reiterating conclusion that "federal common law remedies are also preempted by the Carmack Amendment").

Intelli Shop's authorities are inapposite. Decisions construing a statute that applies to air carriers, rather than motor carriers, do not inform the Carmack Amendment's preemptive force. *See* Dkt. 12 at 2 (invoking *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922 (5th Cir. 1997), and related cases construing the Airline Deregulation Act). The decision in *Gordon v. United Van Claims*, 130 F.3d 282 (7th Cir. 1997), which Intelli Shop raised at the hearing, is similarly irrelevant. The *Gordon* court concluded the Carmack Amendment did not preempt a claim for intentional infliction of emotional distress that was "separate and distinct from the loss of, or the damage to, the goods that were shipped in interstate commerce." *See id.* at 289.

Even assuming that the Fifth Circuit would agree with *Gordon*'s approach, its reasoning would not salvage Intelli Shop's negligence/bailment claim. Far from alleging harm "separate and distinct" from the damage to the goods, the common-law claim explicitly seeks remedies for damage to those goods. *See* Dkt. 1-1 at 8-9; Dkt. 14 at 1-4. The Carmack Amendment therefore supplies Intelli Shop's exclusive cause of action. *See Hoskins*, 343 F.3d at 778 ("Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate

6

transportation of those goods by a common carrier."). Accordingly, its negligence/bailment claim is preempted and should be dismissed.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Defendants FedEx Ground Package System, Inc.'s and FedEx Freight, Inc.'s original motion to dismiss (Dkt. 6) be **GRANTED IN PART**; that FedEx Ground's renewed motion to dismiss (Dkt. 18) be **GRANTED**; and that Plaintiff Intelli Shop, Inc.'s claim for negligence/bailment (Count II, Dkt. 14 at 4) be **DISMISSED** as preempted.

It is further **RECOMMENDED** that, in all other respects, the original motion to dismiss (Dkt. 6) be **DENIED AS MOOT** in light of Intelli Shop's first amended complaint (Dkt. 14) that abandons both its prior claims against all defendants except FedEx Ground, as well as its claims against FedEx Ground for breach of contract, gross negligence, violations of the DTPA, "Knowing Acts," and "Vicarious Liability and Estoppel."

It is further **RECOMMENDED** that Defendants FedEx Corp., Federal Express Corp., and FedEx Freight, Inc., who are no longer named as defendants in Intelli Shop's first amended complaint (Dkt. 14) be **DISMISSED** from this case.

Intelli Shop's claim against FedEx Ground under the Carmack Amendment (Count I, Dkt. 14 at 3-4) remains pending.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** ***Ortiz v. City of San Antonio Fire Dep't***, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on May 3, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge